R. E. HERRING ET AL. v. ATLANTIC COAST LINE RAILROAD
COMPANY.

(Filed 20 November, 1912.)

APPEAL by defendant from *Carter, J.,* at August Term, 1912,
of SAMPSON.

*Fowler & Crumpler and C. M. Faircloth for plaintiff.*
*H. A. Grady and Davis & Davis for defendant.*

ALLEN, J.   The decision in *Mule Co. v. R. R.,* at this term,
controls this, and upon that authority the judgment is affirmed.
No error.

J. M. PACE MULE COMPANY v. SEABOARD AIR LINE
RAILWAY COMPANY.

(Filed 9 October, 1912.)

1. Carriers of Goods—Injury to Stock—Negligence—Evidence—
Nonsuit.

In an action for damages against a railroad company for
the negligent injury to two mules in a car-load shipment,
which resulted in their death, there was evidence tending to
show that the rules were "tired and droopy" on their arrival
at destination, and not in good condition; that they died on
the night following the day of their receipt, were dissected,
and their bodies were discovered to have been bruised, after
removing the skin, and their internal organs in a state of
congestion and decomposition. The shipment had been receipted
for by the initial carrier as in good condition: *Held,* a motion
to nonsuit was properly disallowed, and the issue as to defend-
ant's negligence properly left to the jury.

2. Carriers of Goods—Negligence—Expert Evidence—Questions of
Fact—Assignment of Claim.

In an action against a common carrier for damages for the
negligent injury to two mules in a car-load shipment, resulting
in their death, testimony of an expert veterinarian, who had
made a *post-mortem* examination and found them bruised and in
a bad condition internally, that, from the examination, in his